STATE v. DUNCAN.

From an order made by two trial justices discharging a prisoner under a *habeas corpus* proceeding had before them, an appeal cannot be taken direct to the Supreme Court. McGowan, A. J., *dissenting.*

This was an appeal by the state direct to this court from an order made by two trial justices of Spartanburg County, discharging the defendant, Worth J. Duncan, who had been brought before them under a writ of *habeas corpus*, he being in the custody of the sheriff, charged with breach of trust with fraudulent intent. The order of discharge bears date February 2, 1884. The only question considered by the court not having been raised by exception or in argument, a fuller statement of the case is unnecessary.

*Mr. Solicitor Duncan*, for appellant.

*Mr. J. S. R. Thomson*, contra.

December 21, 1884. The opinion of the court was delivered by

MR. JUSTICE McIVER. This is an appeal on behalf of the state from the order of two trial justices discharging the defendant without day, who had been brought before them under the provisions of the *habeas corpus* act. It appeared from the return to the writ that the defendant was in custody under a warrant of commitment for breach of trust with a fraudulent intent.

The preliminary question presented in this case is whether this court has jurisdiction to hear this appeal. The constitution

(art. IV., § 4) provides as follows: "The Supreme Court shall have appellate jurisdiction only in cases of chancery, and shall constitute a court for the correction of errors at law, under such regulations as the general assembly may by law prescribe." Now, as it is manifest that this is not a "case of chancery," and as the constitution does not confer jurisdiction upon this court for the correction of errors at law in general terms, but only "under such regulations as the general assembly may by law prescribe," it is necessary to ascertain what regulations the general assembly has by law prescribed, under which this court has power to correct errors at law. These regulations are to be found in section 11 of the code of 1882, which provides as follows: "The Supreme Court shall have exclusive jurisdiction to review upon appeal: 1. Any intermediate judgment, order, or decree, involving the merits in actions commenced in the Courts of Common Pleas and General Sessions, brought there by original process, or removed there from any inferior courts or jurisdiction, and final judgments in such actions," &c., the remainder of the section being immaterial to the present inquiry.

Now, as these regulations provide for an appeal to the Supreme Court only in actions "commenced in the Court of Common Pleas and General Sessions, brought there by original process, or removed there from any inferior courts or jurisdiction," and as the order from which this appeal was taken was not made in any action or proceeding originally commenced, either in the Court of Common Pleas or General Sessions, and was not removed there from any inferior court or jurisdiction, it would seem to be clear that this court has not been invested with power to hear such appeal.

But again, the code, in section 358, expressly declares that "when a judgment is rendered by a trial justice's court, by the county commissioners, or any other inferior court or jurisdiction, save the probate court heretofore provided for in this Code of Procedure, the appeal shall be to the Circuit Court of the county wherein the judgment was rendered." While it may possibly admit of some doubt whether two trial justices in granting a writ of *habeas corpus* could be properly considered as an inferior court, yet it is quite clear that they are exercising inferior *juris-*

*diction* to that conferred upon the judges of the Court of Common Pleas and General Sessions, or justices of the Supreme Court; for while these judges and justices are authorized to grant the writ of *habeas corpus* in *any* case, whether the charge be of felony or otherwise, by virtue of their common law powers, and of the provisions of section 2093, so far as the justices of the Supreme Court are concerned; and even under the *habeas corpus* act may grant the writ where a person is in confinement under a charge of felony not punishable by death—two trial justices cannot grant the writ in any case of felony, the punishment of which is death, or *imprisonment for life.* See section 2335 of general statutes. So that it is manifest that they are only invested with a limited or *inferior jurisdiction*; and being an inferior jurisdiction, an appeal from any order or judgment entered by them must be to the Circuit Court, under the express terms of section 358 of the code above quoted.

It may be urged that the last clause of the *habeas corpus* act, section 2340 of the general statutes, provides that "an appeal from all final decisions rendered on applications for writs of *habeas corpus* shall be allowed as is provided by law in civil actions," and that as the power to grant such writs is expressly granted to two trial justices, this section secures the right of appeal in this case. There is no doubt that the section does secure the right of appeal, but the question remains as to what court such appeal shall be taken, to the Supreme Court or to the Circuit Court. It will be observed that the section just quoted only secures the right of appeal in general terms without declaring in specific terms the court to which such appeal shall be taken. But it does not leave that matter in doubt, for it declares that the appeal "shall be allowed *as is provided by law in civil actions.*" Now we have seen that the law prescribes that in civil actions the appeal from a judgment of any inferior court or jurisdiction shall be to the Circuit Court, and therefore when an appeal is taken from an order of two trial justices, which we have seen is an inferior jurisdiction, granting a writ of *habeas corpus*, the appeal must be to the Circuit Court in the first instance, and not directly to the Supreme Court.

The case of *Ex parte Peter Smith*, 8 *S. C.*, 495, is not in

point, for in that case the appeal was from an order of a Circuit judge discharging a prisoner brought before him under a writ of *habeas corpus*, and not from an order made by two trial justices. It is true that there is no law providing in express terms that the appeal from an order of a Circuit judge at chambers, made on an application for a writ of *habeas corpus*, shall be to the Supreme Court; yet this is necessarily implied, as section 2340 of the general statutes above quoted expressly secures the right of appeal in *all* such cases, and there is no other court to which such appeal could be taken, as it would be anomalous for the appeal to be taken to the Circuit Court, consisting, so far as this matter is concerned, of a judge of co-ordinate and concurrent jurisdiction, and perhaps of the same judge from whose order the appeal would be taken, and therefore the appeal in such case must necessarily be to the Supreme Court. But no such necessary implication arises in case of an appeal from an order of two trial justices, for, as has been shown, the appeal in such a case not only can, but is required to be, taken to the Circuit Court.

From these views it follows that this court has no jurisdiction to hear and determine any of the questions made by this appeal, and therefore the judgment of this court is that the appeal herein be dismissed for the want of jurisdiction.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE MCGOWAN. I cannot agree with my brethren as to the right of appeal to this court from the order of two trial justices discharging the defendant Duncan in *habeas corpus* proceedings. It is undoubtedly the general rule that the state cannot appeal, especially when the defendant has been discharged and is beyond the jurisdiction, making it a useless waste of time to proceed further with the case; but the right to discharge from confinement under *habeas corpus* is given to two trial justices by express statute, as also the right to appeal from such decision.

Chapter XCIII. of the general statutes upon the subject of *habeas corpus* provides: "Any two trial justices are authorized and required to grant the writ of *habeas corpus* as fully, effectually, and lawfully, as any judge of the Court of Common Pleas

and General Sessions or justices of the Supreme Court of the state, except in cases of felony, the punishment for which is death or imprisonment for life, in which cases trial justices shall have no jurisdiction in applications for *habeas corpus*," &c. Section 2340 of the same chapter provides that "an appeal from all final decisions rendered on applications for writs of *habeas corpus* shall be allowed as is provided by law in civil actions," &c. It is therefore clear that an appeal is allowed from a decision in *habeas corpus* proceedings made by two trial justices, as well as from an order in such application made by a judge of the Common Pleas and General Sessions or a justice of the Supreme Court.

It is said, however, that such appeal from an order made by a judge or justice of the Supreme Court at chambers is direct to the Supreme Court, while that from an order made by two trial justices under and by authority of the same act must be to the Circuit Court, and can only reach the Supreme Court through the medium of that court. I cannot think that such was the intention of the legislature. If such difference in the character of the appeal provided was intended by the legislature, it would have been easy to say so in express terms, as was done in reference to appeals from a single trial justice, county commissioners, and the probate judge. The appeal is given in general terms "from *all* decisions rendered on applications for writs of *habeas corpus*," and it would seem that the proper construction of the section should require all appeals from orders made by authority of the act, no matter by whom, to be taken to the same court, viz., the Supreme Court.

But it is argued that we are required to give the act allowing an appeal the construction contended for because of the words "shall be allowed as is provided by law in civil cases"; that as other provisions of the law direct expressly that appeals from inferior courts or jurisdictions in civil cases shall be made to the Circuit Court, and as the authority in *habeas corpus* conferred upon two trial justices may be taken to be an *inferior jurisdiction*, therefore the conclusion must follow that the legislature intended that an appeal from an order made by them must be to the Circuit Court. It requires a process of reasoning to reach

this result, and it does not seem to me that such circuity was in the minds of the law-makers, or that, in giving the appeal as they did, they intended more than to declare *the manner* of taking to the Supreme Court the appeal in a *habeas corpus* proceeding, which is not a "civil action," that is to say, in the manner or "as is provided by law in civil actions." It has been decided that an appeal under this act from an order made by a judge at chambers must be direct to the Supreme Court. *Ex parte Smith*, 8 *S. C.*, 513. In that case it was said that "there are no words in the section implying that the legislature intended to limit the right of appeal to any particular class of cases," and I do not think there are any indicating a different court to which orders made by trial justices must be appealed.

From the nature of the subject, promptness was intended. It seems to me that the only object of the provision giving the right to execute the *habeas corpus* act to two trial justices was to meet the possible case of the absence of a judge, and in favor of the liberty of the citizen, to afford at all times speedy relief to any held in custody. If this is true, the very purpose of the provision will be entirely defeated by requiring appeals in such cases to be made to the Circuit Court, to which the application could have been made in the first instance, without invoking the exercise of the authority conferred by trial justices.

Appeal dismissed.